# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ROBERT LOGAN BERRY, JR., | Case No. 3:16-cv-00470-MMD-WGC |
| Petitioner, | ORDER |
| v. | |
| ISIDRO BACA, *et al.*, | |
| Respondents. | |

**I.  INTRODUCTION**

Before the Court are the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (ECF No. 5) and respondents' motion to dismiss (ECF No. 7). Petitioner has filed no response to the motion, which the Court construes as consent to the Court granting the motion. *See* LR 7-2(d). The Court finds that petitioner has not exhausted any of his grounds for relief, and the Court grants the motion.

**II.  RELEVANT BACKGROUND**

In the state district court, petitioner agreed to plead no contest to attempted robbery and being a habitual criminal. (Exh. 22 (ECF No. 8-22).) At the sentencing hearing, petitioner's counsel raised a question whether the state district court had jurisdiction. Petitioner tried to rob a gas station that was owned by a Native American tribe and on an Indian reservation. Under NRS § 41.430, jurisdiction might have been with the federal courts, not the state courts, to handle the case. (Exh. 24, at 3-4 (ECF No. 8-24, at 4-5).) The trial court determined that it did have jurisdiction. (*Id.* at 9 (ECF No. 8-24 at 10).) Petitioner was convicted of attempted robbery, adjudicated as a habitual criminal, and thus sentenced to life in prison with eligibility for parole starting after a minimum of ten (10) years. (Exh. 25 (ECF No. 8-25).) Petitioner did not file a timely direct appeal.

After entry of the judgment of conviction, petitioner filed a motion to withdraw his plea. (Exh. 27 (ECF No. 8-27).) The state district court denied the motion. (Exh. 33 (ECF No. 8-33).) Petitioner did not appeal the denial of the motion.

Petitioner also filed a post-conviction habeas corpus petition in the state district court. (Exh. 32 (ECF No. 8-32).) The state district court appointed counsel, who filed a supplemental petition. (Exh. 36 (ECF No. 9-1).) The state district court dismissed all claims for relief but one. (Exh. 39 (ECF No. 9-4).) On the remaining issue—that trial counsel had deprived petitioner of a direct appeal—the state district court granted relief and authorized a delayed direct appeal pursuant to Rule 4(c) of the Nevada Rules of Appellate Procedure. (Exh. 43 (ECF No. 9-8).)

In the delayed direct appeal, petitioner filed an opening brief. (Exh. 60 (ECF No. 9-25).) The Nevada Supreme Court affirmed the judgment of conviction. (Exh. 64 (ECF No. 9-29).)

Petitioner then commenced this action. Respondents have moved to dismiss. They argue that petitioner has not exhausted his state-court remedies for any of his grounds for relief.

## III. DISCUSSION

Before a federal court may consider a petition for a writ of habeas corpus, the petitioner must exhaust the remedies available in state court. 28 U.S.C. § 2254(b). To exhaust a ground for relief, a petitioner must fairly present that ground to the state's highest court, describing the operative facts and legal theory, and give that court the opportunity to address and resolve the ground. *See Duncan v. Henry*, 513 U.S. 364, 365 (1995) (*per curiam*); *Anderson v. Harless*, 459 U.S. 4, 6 (1982).

In the delayed direct appeal, petitioner raised one issue—the state district court did not have jurisdiction over the case because petitioner committed an offense against an Indian tribe on an Indian reservation. (Exh. 60 at 9-14 (ECF No. 9-25 at 10-15).) Petitioner did not raise on appeal any of the other claims of ineffective assistance of
///

counsel that he had raised in his state post-conviction habeas corpus petition and that the state district court had denied.

All three grounds of the petition are not exhausted. Each ground is a claim of ineffective assistance of counsel. Petitioner did not present any claims of ineffective assistance of counsel in his delayed direct appeal. He might not have been able to do that, because Nevada generally does not allow ineffective-assistance claims to be raised on direct appeal. *Gibbons v. State*, 634 P.2d 1214 (Nev. 1981). However, Rule 4(c)(5) of the Nevada Rules of Appellate Procedure provides that the one-year period of limitation of NRS § 34.726 starts to run from the issuance of the remittitur in the delayed direct appeal and that the successive petition bar of NRS § 34.810 does not apply to a state habeas corpus petition filed after the conclusion of a delayed direct appeal. Petitioner could have filed a new state habeas corpus petition that raised the same claims that he had raised in his first state habeas corpus petition, and those claims would not have been dismissed as procedurally barred.

The closest that any claim in the federal petition comes to what petitioner presented on delayed direct appeal is a claim that counsel provided ineffective assistance because counsel did not appeal the jurisdictional issue. However, that claim is legally distinct from the jurisdictional claim that petitioner presented on direct appeal. Petitioner cannot hope that the Nevada Supreme Court would have inferred an ineffective-assistance claim from the jurisdictional claim that he presented on appeal. *See Kelly v. Small*, 315 F.3d 1063, 1068 n.2 (9th Cir. 2003), *overruled on other grounds by Robbins v. Carey*, 481 F.3d 1143 (9th Cir. 2007).

Additionally, petitioner's claim that counsel deprived him of a direct appeal now is without merit on its face. The state district court granted relief on this claim, and petitioner pursued a delayed direct appeal. This Court cannot grant petitioner any more relief on this claim than what he already has received.

The Court will dismiss this action without prejudice. However, that type of dismissal does not mean that the one-year period of limitation of 28 U.S.C. § 2244(d)(1) is tolled in

3

any way. Petitioner at all times remains responsible for calculating the running of the one-year period of limitation and timely asserting claims.

Reasonable jurists would not find the Court's conclusion to be debatable or wrong, and the Court will not issue a certificate of appealability.

## IV. CONCLUSION

It is therefore ordered that respondents' motion to dismiss (ECF No. 7) is granted. This action is dismissed without prejudice because petitioner has not exhausted his available state-court remedies. The Clerk of the Court will enter judgment accordingly and close this action.

It is further ordered that a certificate of appealability is denied.

DATED THIS 26th day of September 2017.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE