UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

ROBERT LOGAN BERRY, JR.,

Petitioner,

v.

ISIDRO BACA, *et al.*,

Respondents.

Case No. 3:16-cv-00470-MMD-WGC

ORDER

**I.  SUMMARY**

Before the court are two motions ("Motions"): Petitioner's motion for relief from judgment (ECF No. 13); and Petitioner's motion for leave to file an amended petition (ECF No. 14). The parties have fully briefed the motions. For the reasons discussed below, the Court grants both Motions.

**II.  RELEVANT PROCEDURAL HISTORY**

The petition in this action contained three grounds. (*See* ECF No. 5) Each ground was a claim of ineffective assistance of counsel. Respondents moved to dismiss because petitioner failed to exhaust in the state court. (ECF No. 7.) Petitioner filed no response. The Court subsequently granted Respondents' motion. (ECF No. 10.)

Petitioner then commenced a new action, *Berry v. Baker*, 3:17-cv-00659-HDM-VPC ("*Berry II*"). The court appointed counsel for Petitioner in that case. (*See Berry II,* ECF No. 9.) Counsel appeared in this action and filed the Motions. The Court in *Berry II* granted Petitioner's unopposed motion to stay that case pending the outcome of the Motions in this action. (*Id.,* ECF No. 13.)

### III. FACTUAL BACKGROUND

Petitioner tried to commit robbery at Fox Peak Station in Fallon, Churchill County, Nevada. The employee in the store chased Petitioner and held him until the Fallon police arrived. The Fallon Paiute-Shoshone Indian Tribe ("the Tribe"), through its Fallon Tribal Development Corporation, owns Fox Peak Station.[1] The Census Bureau's TIGER service marks the land in question as "FALLON PAIUTE-SHOSHONE (COLONY) [OFF-RESERVATION TRUST LAND]."[2] Petitioner is not an Indian.

### IV. GOVERNING LAW

Petitioner questions whether the State of Nevada had jurisdiction over petitioner's crime. Petitioner's motion for relief from judgment provides an interesting history of this area of law. (ECF No. 13 at 4-8.)

In 1953, the 83rd Congress passed Public Law 280 ("Public Law 280"). That law gave the consent of the United States on its behalf and on the behalf of the Indian tribes for some states, including Nevada, to decide to assume jurisdiction for crimes by or against Indians in Indian country.[3] (Ex. C (ECF No. 13-3 at 4).) In 1955, the Nevada Legislature enacted its first version of NRS § 41.430, which assumed Public Law 280 jurisdiction over all areas of Indian country that the governor did not exclude by proclamation. (Ex. D (ECF No. 13-4).) The governor did exclude Churchill County. (Ex. E (ECF No. 13-5 at 5).) In 1968, Congress enacted 25 U.S.C. § 1321. This statute did not affect Public Law 280 jurisdiction that states already had assumed. However, from that date forward, the law required Indian tribes to give consent, through a special election, before a state could assume jurisdiction over crimes committed by and against Indians in Indian country. *See*

---

[1] *Fox Peak Station – Fernley*, Fallon Tribal Dev. Corp., http://www.ftdc.us/business-ops/fox-peak-fallon (last visited September 24, 2018).

[2] *See Tigerweb*, United States Census Bureau, https://tigerweb.geo.census.gov/tigerweb/ (last visited September 24, 2018).

[3] Public Law 280 has other provisions regarding civil jurisdiction and other states' jurisdictions, but they are not relevant to this case.

25 U.S.C. § 1321(a)(1). The new law also allowed states to retrocede Public Law 280 jurisdiction. *See* 25 U.S.C. § 1323.

In 1973, the Nevada Legislature amended NRS § 41.430. Section 41.430(1) now assumes jurisdiction over crimes committed by or against Indians in Indian country,[4] "subject only to the conditions of subsections 3 and 4." Those conditions are important. Section 41.430(3) requires each tribe to consent under procedures outlined in state law or federal law. Section 41.430(4) retrocedes any jurisdiction that the State of Nevada has assumed without that consent. Thus, the State would have jurisdiction over crimes committed by or against Indians in Indian country only with tribal consent. Moreover, even if state courts do not have jurisdiction, either the federal courts or the tribal courts have jurisdiction. *See* 18 U.S.C. § 1152.[5]

---

[4]"Indian country" means:

(a) all land within the limits of any Indian reservation under the jurisdiction of the United States Government, notwithstanding the issuance of any patent, and, including rights-of-way running through the reservation, (b) all dependent Indian communities within the borders of the United States whether within the original or subsequently acquired territory thereof, and whether within or without the limits of a state, and (c) all Indian allotments, the Indian titles to which have not been extinguished, including rights-of-way running through the same.

18 U.S.C. § 1151. While exceptions to this definition exist, they are not pertinent here.

[5]18 U.S.C. § 1152 provides:

Except as otherwise expressly provided by law, the general laws of the United States as to the punishment of offenses committed in any place within the sole and exclusive jurisdiction of the United States, except the District of Columbia, shall extend to the Indian country.

This section shall not extend to offenses committed by one Indian against the person or property of another Indian, nor to any Indian committing any offense in the Indian country who has been punished by the local law of the tribe, or to any case where, by treaty stipulations, the exclusive jurisdiction over such offenses is or may be secured to the Indian tribes respectively.

## V. DISCUSSION

Petitioner presents questions of jurisdiction that should be developed further. Accordingly, the Court grants petitioner relief from the judgment under Rule 60(b)(6) of the Federal Rules of Civil Procedure.[6]

Under the original Public Law 280, the original state law, and the governor's proclamation, Nevada did not have any jurisdiction over crimes committed by and against Indians in Indian country within Churchill County.[7] (*See* discussion *supra* § III.) Under current law, 25 U.S.C. § 1321 and NRS § 41.430, Nevada does not have jurisdiction over any part of Indian country unless the relevant tribe has consented. (See *id.*)

Petitioner is not an Indian. The tribal court for the Tribe thus does not have jurisdiction over him.[8] If a court other than a state court has jurisdiction over Petitioner's crime, then it is this federal Court.

There are two pertinent questions regarding which court has jurisdiction over Fox Peak Station. The first question is whether the Tribe has consented to state criminal jurisdiction under the procedures outlined in 25 U.S.C. § 1321 *et seq.* According to Petitioner, they have not. The second question is whether the designation of "Off-Reservation Trust Land," according to the Census Bureau,[9] makes Fox Peak Station part

---

[6]Petitioner makes other arguments, but the Court declines to address them in light of the jurisdictional questions.

[7]The land at issue probably never could have been subject to Public Law 280 jurisdiction. Under the terms of the Fallon Paiute Shoshone Indian Tribes Water Rights Settlement Act of 1990, PL 101–618, November 16, 1990, 104 Stat. 3289, the tribes purchased 36 acres within the City of Fallon. *See Nevada v. United States*, 221 F. Supp. 2d 1241, 1244 (D. Nev. 2002). The Secretary of the Interior took the land into trust. *Id.* The tribe then built a gas station on the land. *Id.* The Court assumes that that gas station is Fox Peak Station in Fallon, because the only other gas station that the tribe owns is in Fernley, Lyon County. *See Fox Peak Station – Fernley*, Fallon Tribal Dev. Corp., http://www.ftdc.us/business-ops/fox-peak-fernley (last visited September 24, 2018).

[8]As best the Court can discern, the tribal authorities never tried to assert their jurisdiction, nor did they argue that the federal court should have jurisdiction.

[9]Of course, if a party thinks that this designation is inaccurate, then that party can present argument on this issue through the normal course in this case.

4

of Indian country. It seems to be part of Indian country for the purposes of the jurisdictional statutes. *See Langley v. Ryder*, 602 F. Supp. 335 (W.D. La. 1985).

The nature of the crime and the identities of the victim or victims present other questions. Nevada law defines robbery as:

> Robbery is the unlawful taking of personal property from the person of another, or in the person's presence, against his or her will, by means of force or violence or fear of injury, immediate or future, to his or her person or property, or the person or property of a member of his or her family, or of anyone in his or her company at the time of the robbery.

NRS § 200.380(1). Nevada law defines a "person" as:

> Except as otherwise expressly provided in a particular statute or required by the context, "person" means a natural person, any form of business or social organization and any other nongovernmental legal entity including, but not limited to, a corporation, partnership, association, trust or unincorporated organization. The term does not include a government, governmental agency or political subdivision of a government.

NRS § 0.039. Likewise, United States law defines robbery as:

> Whoever, within the special maritime and territorial jurisdiction of the United States, by force and violence, or by intimidation, takes or attempts to take from the person or presence of another anything of value, shall be imprisoned not more than fifteen years.

18 U.S.C. § 2111. United States law defines a "person" as:

> [T]he words "person" and "whoever" include corporations, companies, associations, firms, partnerships, societies, and joint stock companies, as well as individuals[.]

1 U.S.C. § 1. Unlike Nevada law, § 1's definition of "person" does not clarify whether a government is a "person." *Id.* However, courts presume that the definition of a "person" does not include the sovereign, unless a party can show statutory intent to the contrary. *See Vermont Agency of Natural Res. v. United States ex rel. Stevens*, 529 U.S. 765, 780-81 (2000); *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 64 (1989); *Wilson v. Omaha Indian Tribe*, 442 U.S. 653, 667 (1979).

The store employee is obviously a "person" under both Nevada and federal laws. However, no one ever has argued that the store employee was an Indian. If he is not an

Indian, and if he was the only victim of the crime, then the state court undoubtedly has jurisdiction and the federal court would not have jurisdiction.

Petitioner argues that the store employee was not the only victim. He also argues that the Tribe and its arm, the Fallon Tribal Development Corporation, were the victims because Petitioner tried to rob their store. This raises the question whether these entities are "persons" within the meaning of the federal and state robbery statutes. If they are not "persons," then Petitioner could not have attempted to rob them. Consequently, the state court would have jurisdiction and the federal court would not have jurisdiction.

## VI.   CONCLUSION

It is therefore ordered that petitioner's motion for relief from judgment (ECF No. 13) is granted. The order and the judgment dismissing this action (ECF Nos. 10, 11) are vacated.

It is further ordered that petitioner's motion for leave to file an amended petition (ECF No. 14) is granted. Petitioner has sixty (60) days from the date of entry of this order to file an amended petition.

DATED THIS 27th day of September 2018.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE